UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
BRICKLAYERS INSURANCE AND
WELFARE FUND, BRICKLAYERS PENSION
FUND, BRICKLAYERS SUPPLEMENTAL
ANNUITY FUND, BRICKLAYERS AND
TROWEL TRADES INTERNATIONAL
PENSION FUND, NEW YORK CITY AND
LONG ISLAND JOINT APPRENTICESHIP
AND TRAINING FUND, INTERNATIONAL
MASONRY INSTITUTE and JEREMIAH
SULLIVAN, JR., in his fiduciary capacity as
Administrator, BRICKLAYERS LOCAL 1,
INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED CRAFT
WORKERS, and BRICKLAYERS LABOR
MANAGEMENT RELATIONS COMMITTEE,

**MEMORANDUM AND ORDER**
Case No. 11-CV-5742 (FB) (LB)

        Plaintiffs,

  -against-

PRIMO BRICK, INC. and G CONSTRUCTION
ENTERPRISES, INC.,

        Defendants.
---------------------------------------------------------x

*Appearances:*
*For Plaintiffs:*
MICHAEL MINNEFOR, ESQ.
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, NY 10007

*For Defendants:*
HOWARD E. GREENBERG, ESQ.
Law Offices of Howard E. Greenberg,
Esq., P.C.
180 East Main Street, Suite 308
Smithtown, NY 11787

**BLOCK, Senior District Judge:**

        Plaintiffs Bricklayers Insurance and Welfare Fund, Bricklayers Pension Fund,

Bricklayers Supplemental Annuity Fund, Bricklayers and Trowel Trades International Pension

1

Fund, New York City and Long Island Joint Apprenticeship and Training Fund, and the International Masonry Institute (collectively, the "Funds"); Jeremiah Sullivan Jr.; Bricklayers Local 1, International Union of Bricklayers and Allied Craft Works ("Local 1"); and Bricklayers Labor Management Relations Committee ("LMRC") filed this action against defendants Primo Brick, Inc. and G Construction Enterprises, Inc. seeking to recover unpaid contributions, unremitted dues checkoffs, interest, liquidated damages, costs, and injunctive relief, pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.[1]

On April 3, 2013, Magistrate Judge Bloom issued a Report and Recommendation ("R&R") recommending that the Court award default judgment against defendant Primo Brick in the total amount of $65,162.02, consisting of $41,390.50 in unpaid contributions due to the Funds; $9,851.53 in interest on the unpaid contributions; $3,525.10 for outstanding Local 1 dues and LMRC contributions; $753.13 in interest on outstanding Local 1 dues and LMRC contributions; $9,291.76 in liquidated damages; and $350 in costs. *See* R&R at 8-12.[2] Magistrate Judge Bloom further recommended denying plaintiffs' request for injunctive relief because an audit had already been conducted. *See id.* at 12-14.

---

[1] Plaintiffs voluntarily dismissed their claims against G Construction Enterprises.

[2] Although defendants filed a timely answer, they subsequently decided not to defend this action. Defendant's counsel informed plaintiffs' counsel that "there will be a default." Minnefor Aff., Ex. E. Where a defendant "affirmatively signal[s]…its intention to cease participating in its own defense," default judgment is warranted. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011).

# I

The R&R clearly stated that the parties' failure to object within 14 days of receipt of the R&R would preclude appellate review. *See id.* at 15. Defendant has not filed any objections, but plaintiffs have timely objected to the R&R's recommendation to deny injunctive relief. The Court reviews this objection *de novo*. *See* 28 U.S.C. § 636(b)(1).

Plaintiffs requested an injunction directing defendant to "submit to an audit of its payroll records, remit any outstanding contributions discovered as a result of that audit and pay any late charges, interest and liquidated damages in connection therewith." Pls.' Mem. of Law at 13. Magistrate Judge Bloom recommended denying this request because "defendant has already submitted to an audit for the period covering May 1, 2010 through March 31, 2011 and the unpaid contributions, interest, and damages set forth above cover this time period." R&R at 13. As a corollary, she recommended denying plaintiffs' demand for defendant to pay any outstanding dues, late charges, interest, and liquidated damages found as a result of the requested audit. *See id.* at 13-14. Magistrate Judge Bloom further found that: (a) "monetary damages provide adequate remedies in the event that defendants commit similar violations in the future," and (b) "there is no evidence that the violations are continuing or that monetary damages are insufficient to deter future conduct." *Id.* at 14 (internal quotation marks omitted).

Plaintiffs acknowledge that "the denial of injunctive relief is not unfounded" as to the period from April 1, 2011 through September 30, 2011, since a second audit was conducted for this period and "did not reveal any additional delinquency owed by Primo."

3

Pls.' Ob. at 6. They clarify that their request is for an audit for the period beginning with the end of the most recent audit (i.e., October 1, 2011) and continuing through the present. *See id.*[3]

Plaintiffs' complaint alleges breach of the collective bargaining agreement ("CBA"), ERISA violations, and LMRA violations. All of these causes of action are based on the CBA, which covered the period of May 10, 2010 through June 30, 2011. *See* Second Am. Compl. ¶¶ 7-15. In determining that plaintiff's factual allegations establish defendant's liability, Magistrate Judge Bloom stated:

> Plaintiffs allege that defendant failed to make contributions to the Funds, as required by the terms of the CBA. Therefore, defendant's failure to make the required contributions to the Funds constitutes a violation of ERISA.... [P]laintiffs allege that defendant failed to remit dues to Local 1 and make required contributions to LMRC. These failures constitute a breach of the CBA, and thus, defendant is liable under Section 301 of the LMRA.

R&R at 6 (citations omitted). Defendant's liability, and correspondingly plaintiff's requested relief, are tied to the CBA, which expired on June 30, 2011.

In requesting a further audit, plaintiffs contend: "More than a year and half has passed since the end date of the most recent audit period and the filing of the Magistrate's report; more than enough time for additional delinquencies to accumulate." Pls.' Ob. at 6. They also assert that they "cannot document the extent of Plaintiffs' damages without another

---

[3]Despite identifying this time frame in their complaint, *see* Second Am. Compl. ¶ 15, plaintiffs did not specify any time period for the audit in their proposed order for judgment by default or their memorandum of law. It is thus understandable why Magistrate Judge Bloom may have misunderstood the timing for the audit requested.

audit." *Id.* at 7. This lawsuit, however, is based on violations stemming from the expired CBA. The existing audits account for unpaid contributions through the end of the CBA, and the R&R recommends awarding damages based on these delinquencies.

Because the monetary relief recommended by the R&R fully compensates plaintiffs for the violations alleged in their complaint (i.e., violations of defendant's obligations under the CBA ending on June 30, 2011), the Court denies plaintiffs' request for injunctive relief. *See Finkel v. Architcraft Inc.*, 08-cv-4597, 2010 WL 1212556, at *2 n.2 (E.D.N.Y. Mar. 26, 2010) ("[T]here is no need for a final audit because Judge Azrack's damages award functions as a full and final accounting of Architcraft's liability under the CBA."). Damages that may arise, or may have already arisen, as a result of conduct after the expiration of the CBA are not properly before the Court. "An injunction will issue only if the party is still under the obligations of the CBA." *Bd. of Trustees of Pointers, Cleaners & Caulkers Welfare Fund, Pension Fund &Annuity Fund v. Super Eagle Contracting*, 12-cv-399, 2013 WL 802034, at *5 (E.D.N.Y. Jan. 16, 2013), *adopted by* 2013 WL 802847 (E.D.N.Y. Mar. 5, 2013); *see also Ferrara v. Prof'l Pavers Corp.*, 11-cv-1433, 2013 WL 1210522, at *10 & n.13 (E.D.N.Y. Feb. 15, 2013) (denying request for an audit in part because the CBAs at issue had expired and plaintiffs had not submitted evidence of defendants' intent to be bound by a new CBA), *adopted by* 2013 WL 1212816 (E.D.N.Y. Mar. 23 2013).[4] Moreover, even the requirement that defendant submit to

---

[4]The CBA includes an automatic renewal provision that extends the contract from year to year for one-year terms unless either party provides written notice 60 days prior to the CBA's expiration of a desire to change or terminate the CBA, *see* Sullivan Aff., Ex. A, at 50-51. Plaintiffs, however, have not asserted that the CBA has been

5

audits comes from the expired CBA.  *See* Second Am. Compl. ¶¶ 14-15; *see also Lanzafame v. Dana Restoration, Inc.*, 09-cv-873, 2010 WL 6267657, at *14 (E.D.N.Y. Aug. 12, 2010) (recommending an audit limited to the period ending with the expiration of the CBA), *adopted by* 2011 WL 1100111 (Mar. 22, 2011).

Finally, injunctive relief is not warranted because there is no evidence that the violations are continuing or that monetary damages are insufficient to deter future conduct. *See King v. STL Consulting, LLC*, 05-cv-2719, 2006 WL 3335115, at *9 (E.D.N.Y. Oct. 3, 2006).

**II**

With regard to the portions of the R&R to which no objections were filed, the Court will conduct *de novo* review if it appears that the magistrate judge may have committed plain error.  *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).  No such error appears here.

**III**

For the foregoing reasons, the Court denies plaintiffs' request for injunctive relief.  In all other respects, the Court adopts the R&R.

**SO ORDERED.**

  _____
  FREDERIC BLOCK
  Senior United States District Judge

Brooklyn, NY
May 14, 2013

---

automatically renewed or that a quasi-contractual theory entitles them to unpaid contributions after the CBA's expiration.

6